Good morning, and may it please the Court, I'm James Laughlin, and I represent the appellant Larry Diamond. At the Court's permission, I'd like to reserve two minutes of my time for rebuttal. Mr. Diamond was charged with one offense, extortion acting under color official right, but he was charged with another offense, or sentenced for another offense. Well, now wait. That makes all the difference in the world as to how you characterize this crime. If you say he was accused of extortion, that defines our problem. But if we say he was accused of interference with interstate commerce or whatever the indictment said by extortion, it makes it a different case, does it not? I don't think so, Your Honor, because I think, and the government doesn't dispute this, that extortion by threat of force or fear and extortion under color official right are two completely different statutes. They're completely different statutes with different elements. But the statute under which he is convicted in Count 1 alleges that he obstructed, delayed, or affected commerce and the movement of articles and commodities in commerce. And the statute expressly prohibits that, whether done by extortion or done by robbery, right? True. Now, if you say this is an extortion case, then I think we have to look at it one way. If we say this is a case in which the defendant was accused of and convicted of obstructing, delaying, and affecting commerce and the movement of articles in commerce, it's a different case. So you go ahead and make your argument. But you understand that you have a struggle here in order to get at least me to agree with you that this is an extortion case as opposed to a case of obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce, and that the extortion is simply the means of committing that crime. Now, that's one way of looking at this. And if you look at it as pure extortion, it's a whole different case. That's my opinion. Okay. Go ahead. That's why I think at the outset we have to understand each other. I appreciate the question. And let me explain what I think the statute says. The statute, the language of the statute is that if you read this indictment, it talks about by means of extortion and induced under color of official right. So that's the offense that I believe your client was convicted of. But, you know, this is the third case we've had this week where we've had nothing but problems and headaches because of sloppy work on the part of the U.S. Attorney's Office in their indictments and in their instructions. Your Honor, I can't disagree with that. And I think as the government pointed out in their briefs, in an effort to get around what Mr. Diamond was actually charged with, they point to the plea colloquy where things became even more muddled because in giving out the elements of the offense, the court ended up giving some elements related to extortion by force or fear and some elements of extortion under color of official right in such a way that there was no clear indication of what the government was charging him with at that point. However, as I also point out in the briefs, regardless of what the government said there, they did not have the power to reconstrue the indictment. The indictment is what it says it is, and I believe the indictment clearly says he's charged with extortion within interstate commerce but through the specific process of acting under color of official right. And even the government acknowledged this at Mr. Diamond's sentencing. If the court will look to page 173 of the excerpts of record, at one point the district court asks the government expressly, what is he charged with in this case? And Mr. Young's response is, quote, interference with commerce while engaging under the color of authority. So despite what the government's argument is now on appeal, in the district court it was crystal clear that what he was being charged with was extortion under color of official right, not extortion by threat of force or fear. The government's next argument is that even if Mr. Diamond was charged with extortion under official right, the extortion under official right guideline does not apply to him because that guideline only applies to actual public officials. The problem with that argument, as we pointed out in the reply brief, is that it ignores the case law which says that a person like Mr. Diamond who pretends to be a public official falls under Section 1951's acting under official right provision. And, in fact, if it didn't, the government wouldn't have been able to charge him that way in the first place. So given that, given that that provision applies to both actual public officials and people who pretend to be public officials, it makes perfect sense that Section 2C1.1, the guideline applicable to extortion under official right, also applies to both types of defendants, actual public officials and people who pretend to be them. A contrary conclusion would be illogical and it would find no support in the guidelines. The final argument made by the government is that if Mr. Diamond was, in fact, charged in the indictment with extortion under color of official right, the district court still did not act improperly in using the extortion by threat guideline to sentence him because the court made a finding that he did, in fact, threaten to arrest the victim. And that's wrong. The sentencing guidelines require the district court to, quote, look to the most appropriate, the guideline most appropriate for defense conduct charged in the count of which the defendant was convicted. I think a plain reading of that instruction is the court should look to the indictment, which if we look to the indictment, we do not see the words threat, force, or fear. We see the words acting under color of official right. So I think it's simple. The indictment charges Mr. Diamond with committing extortion under official right. Therefore, the acting under color of official right guideline is one that applies in this case. What the district court did here by using the other guideline not only contradicted the guidelines manual, but I think it was also fundamentally unfair. As I said before, extortion by someone acting under official right and extortion by threat of force or fear are two completely different offenses with different elements, and they result in very different sentencing ranges under the guidelines. If Mr. Diamond had been sentenced using section 2C1.1, the guideline that's applicable to offenses involving people acting under a color of official right, his resulting range would have been 21 to 27 months. And I'd like to point out here that there's actually an error in my opening brief. I calculated that range to be 18 to 24 months. It should be 21 to 27 months. However, the district court used the extortion by threat guideline, and that made the applicable sentencing range jump up to 51 to 63 months, nearly two and a half times the correct range. Now, the government could have charged Mr. Diamond with committing extortion by threat and then attempted to prove to a jury beyond a reasonable doubt that he did in fact make this threat to the victim, but it didn't. Instead, it charged him with committing extortion while acting under color of authority, which did not require it to prove as an element of defense that the threat ever took place. And even as Mr. Diamond was pleading guilty to that offense, he vigorously denied that he ever threatened to arrest the victim. And that's the threat we're talking about? Yes. If there were a trial, it would be whether or not touching the belt constituted a threat to arrest? The evidence is unclear. The police report suggests that he actually made an express threat. I will arrest you, but the government also says that there might have been implied threats, like Your Honor suggested, of pointing, gesturing to handcuffs in the context of the conversation. So my belief is that it's just. He was wearing a badge, wasn't he? Yes, he was. He was pretending to be a Federal agent for the purposes of trying to collect this money, which he thought was owed to somebody else for a business debt, and he did it improperly. The issue is, what's the appropriate punishment for that offense? And I think that the Guidelines Commission came up with a guideline that applies directly to this type of conduct. When a public official or somebody pretending to be a public official basically extorts something from a victim, you sentence that person under 2C1.1. You don't try to fit that case into something else, because bribery is another crime. Extortion by threat of force or fear is another crime. Let me, you're a little over your time, but I want you to appreciate the difficulty I'm having with your argument, and I want to hear from you, okay? If this indictment had ended with the word extortion, period, it would have stated the crime, right? I believe so. And in the statute, do you have the statute in front of you? Yes. Is it in the briefs here? I can't lay my hands on it. I quote portions of it in the brief. I do not have the full statute. All right. But after you get beyond the words, what is it, robbery or force or extortion, the rest of the statute is definitions. Right.  Correct. And so if this indictment had said by means of extortion, period, that's all the statute forbids. The rest of the statute is a couple definitions. True? True. And he pled guilty to the indictment, including the word extortion, did he not? Extortion modified. Well, extortion, right? Yes. And then he went on to acknowledge that he was acting under color of law or official right. True. And then he went on and admitted that he engaged in some threats. And that's another way of committing extortion, is it not, under the statute? Well, I have one response to that question, which is I don't believe what he ultimately said he would do would be a threat that would qualify. Well, he agreed. You will acknowledge that he agreed with the government's proffer, and the government's proffer included threats. He agreed that the government would be able to produce witnesses that could prove that, although he denied that he actually made the threat. Now you understand, and I'll just tell you so you can respond to my difficulty with what you're arguing. This statute prohibits the interference with commerce by extortion. And once a person does that, they've committed the crime. You can commit, then, the extortion either by threat or by color of official right. One way or the other. Either way, it's extortion, right? Yes. And that makes it the crime that is prohibited by this statute. Now, if the district court is correct in the process of sentencing, finding as a matter of fact that in addition to using color of official right, as alleged in the indictment, plus threats, what's wrong with that? If it is true, if it is true that he both used color of official right and threats to accomplish extortion as a means of obstructing, delaying, or affecting commerce in the movement of articles and commodities in commerce, what's wrong with that in this case? I think that it ignores the language of the indictment. I do agree with Your Honor about your reading of the statute. Okay. And if the indictment had come back and had a period at the end of the word extortion, I think there would be problems. I think there would be a bill of particulars filed saying, well, there's many ways to commit extortion. How do we do that? Okay. But that's not what happened here. Because when the government presented this case to the grand jury, they said, you know, under 951b-2, the term extortion means the obtaining of property from another with his consent induced by wrongful use or actual or threatened force, violence, or fear, or under color of official right. And they said, you know what, we're going to go on that second thing. We're going to put the under color of official right here. And by doing that, they narrow the definition of extortion. Because they got off into the definition as that is the definition in the statute as part of the definition of the crime. Right. Or the prohibition. Right. And I think, too, that if I have one disagreement with Your Honor about his reading of the statute, is that I don't think that you can read the statute too narrowly where it really only creates one offense. Once you incorporate the definitions in, you end up with a handful of different offenses, which have different elements, depending on how they're charged, and result in different guidelines. All punishable by maximum of 20 years in the pen. That's true. Okay. All right. Thank you. Thank you. Your argument is that the guideline is to be applied. Right? Yes. Do you have separate guidelines for separate kinds of extortion? Yes. And that's what you're saying, in that he was charged with this kind of extortion. He should get this kind of guideline sentence? Yes. Is that what you're arguing? Yes, Your Honor. Okay. Thank you. Thank you. Good morning. Mark Young on behalf of the United States. As an initial matter, Your Honor, this issue is not even properly before the Court. It was waived by defendant in that it was not brought before the district court. As the Court is aware, at the lower level, defendants merely argued that 2b. 3.2 should apply as opposed to 2b. 3.3. This is not an overarching claim as set forth in Polaris Gallan that would enable them to bring this issue before this Court. Unless it was clear error. Well, Your Honor, even if – well, first of all, there was no clear error. And I guess at the end of the day, the issue that counts the most is since defendant is not trying to get his plea undone and go back to that point, under 2c. 1.1, the section that defendant argues should apply very – I don't think he's trying to get his plea undone. Correct. That's what I – He's not – No. No. He just – he just says that a different guideline ought to apply to the situation. Correct, Your Honor. And if you look at that guideline that – Let me ask you a question. Did you draft this indictment? I did, Your Honor. Well, I mean, I read it, you know. Unlawfully took and obtained personal property consisting of the following from the owner of the property with his consent by means of the extortion and induced under color of official right. So, you know, just a plain reading of that to me, first of all, it's not well-drafted, but you're talking about extortion under color of official right. Correct. It's charged in the conjunctive, Your Honor. It's extortion, which can be committed by – You know, why don't you just, as Judge Levy pointed out, you just put extortion, period. Well, I think the way that – So why do you have to put in by means of extortion induced under color of official right? If somebody asked me, and I've read this, I'd say, yeah, it's extortion induced under color of official right, and that's what it's limited to. Because that last portion of that sentence, that phrase, certainly captures the conduct that was so offensive that the Federal Government became involved. The fact that he not only committed extortion, but he did it while impersonating an FBI agent, Your Honor. That is why that last part of that paragraph is there. By means of extortion and induced under color of official right. Correct. It captures both his extortion. It takes you down to that – it limits, as I read it, it limits the type of extortion the government is charging him with. Well, I would disagree with you. Well, that's what it says to me. And I think if there's anything unclear about it, it's certainly how to give the defendant the benefit of that. Well, Your Honor, at the change of plea, however, defendant was also, again, given the elements of the offense. And when it came to extortion, extortion was specifically defined to include the force, violence, the threats as the basis for his enhancement in this case. And again, it captures his conduct. He used the color of official authority. In this case – Why can't you draft an indictment that's clear? I don't know why I can't do that, Your Honor. Because your office doesn't pay – what office are you in? Los Angeles, Your Honor. I mean, we've had other cases this week. Sloppy jury instructions. Well, I actually would disagree that – I disagree that the indictment's unclear, Your Honor. I think the indictment is clear. He committed extortion, and he did it while he was in person in an FBI agent. I'm glad you're not my law clerk. I'll tell you that. Well, in any event, Your Honor, assuming that the claim has been preserved and that we're able to move on and have this case presented to this court, the district court made specific factual findings, and those factual findings, she did not abuse her discretion. And by that, I mean the court found that threats had been committed in this case. The court found that not just based upon the government's proffer, but also based the fact that defendant admitted, he used the word threats himself in describing what he did. And if you look at the facts surrounding this case, it supports the district court's finding of a threat. And by that, I'm not just simply referring to this proffer by the government, but the fact that defendant, an unidentified co-conspirator, showed up at this company wearing all black, wearing badges around their neck, motioned towards it as if they had handcuffs, told the defendant he had to pay $30,000 or there would be serious consequences. When the defendant came back the second time, he had an extremely realistic BB gun that resembled a 9-millimeter handgun. Clearly, under those facts, the district court did not abuse their discretion, did not err in finding that a threat had been committed. And that's important because if, even if defendant is correct, and we should be looking only at 2C1.1, you still under that subsection are directed to 2B3.3. It's very specific in that guideline section on the notes. If there is any sort of threat used, then you go to 2B3.3. So under any analysis, you end up at 2B3.3. And in that case, district court was correct in sentencing defendant to life sentence. He's entitled to know what he's charged with, right? That's correct, Your Honor. Okay. If a defendant is charged with crime A, is it defendant then plead guilty to crime B? He didn't plead guilty. The offense to which he's not charged. He was charged with extortion under a kill. I'm just asking a hypothetical question. I think it's an incomplete hypothetical, Your Honor. Just like your sentence. Not under the sentencing guidelines. If he's charged with crime extortion under official right, as Your Honor has defined it, you go to 2C1.1. Where do you end up? You end up at 2B3.3 under the guidelines themselves. They specifically direct you to go to that guideline section. Like relevant contact. That's correct, Your Honor. And it's actually specifically set forth in that guideline section. If there is any threat or they define what qualifies as a threat, then you go to 2B3.3. So even if defendant argument is correct and the court clearly sees that this was indicted incorrectly as to that part or portion of the indictment, you still end up with the same result. I think I said that incorrectly, but as I read this, you know, you've got extortion induced under color of official right. So it takes you down to that one. And I guess the difference I have with Your Honor is the fact that it's extortion, which is the possibility of force or threats, and he's doing it while he is acting under official right. So he's doing both crimes. It's charging the conjunctive. He's doing the extortion and he's doing it while he's impersonating an FBI agent. And I think that indictment captures his conduct in this case. Now, at his change of plea, it was described that the extortion involved the force, the fear, et cetera. So in any event, at the end result, the end of the day, under the guidelines, you would come back to 2C1.1. Let me just make this observation, that this indictment would be better without those words, would it not? In hindsight, it would be, Your Honor. Or if it was going to include those words, it includes other words also that you say should be taken into consideration, as a matter of fact, in sentencing. Correct, Your Honor. And the district court struggled, I thought, with this whole plea, as you recall. That is correct. Everybody was all over the lot on the plea. Then, when it come time to sentence, we have now this problem of what the indictment says. We have the problem of the defendant telling the district court that she should look to a guideline that he now abandons. Right? I agree, except for the indictment problem is not raised. The only one. Well, I won't say the only one, but certainly the district court was careful in what she was doing, and yet she is the only one that we can reverse or affirm. And it looks to me like this whole case was just very, very poorly presented to this district judge, because she had this indictment and she had a defendant saying go to this guideline that he now says is totally wrong and the best he's got here is plain error. That's the summary of this case, is it not? That's correct, Your Honor. But with one added point is that even if you go to the guideline section they claim you go to now, the court would have to find that the district court, I think, you know, made error in making the factual findings that she made. And under the record, I don't think that would be appropriate. Or that she couldn't make that factual finding under this indictment because she was foreclosed from doing so. Well, Your Honor. That's another possibility. You hear it. That's correct, Your Honor. But, again, this indictment issue was also never raised in the court below. All right. Well, I have to thank Judge Levy. He just puts things so nicely, you know. Thank you very much, Your Honor. I'll submit on the briefs. No further questions. Thank you. Thank you. You agree essentially with what I said about this case? Your client wasn't willing to say unequivocally anything much until everybody repeatedly framed this case for him. And he's at a point now where he wants to continue with his plea in spite of some of the weakness in this record. Am I right? I agree with you. The plea was very difficult. And I will concede that the sensing issue should have been presented to the judge. By you or somebody on his behalf. Yes. And that the district court got very, very little or no help from anybody in this case. I would agree with that. All right. And yet it's her decision that we're reviewing and her conduct that we're reviewing instead of getting to take it out on anybody else. All right. Go ahead. I didn't have anything else to add unless the court has any further questions. I would submit. All right. Thank you. Thank you, Your Honor. The matter stands submitted.
judges: Leavy, Pregerson, Beistline